THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DIVISION

JAY JONES, ADC #157758                                                                                     PLAINTIFF

v.                                       Case No. 4:20-cv-00269-KGB-JTR

EVERETT LITZSEY, JR.                                                                                       DEFENDANT

## ORDER

Before the Court is the Partial Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray on April 16, 2020 (Dkt. No. 9). Plaintiff Jay Jones is presently confined at the Maximum Security Unit of the Arkansas Department of Correction in Tucker, Arkansas. On March 12, 2020, Mr. Jones filed a *pro se* civil rights complaint against Everett Litzsey, Jr., a captain at the Maximum Security Unit (Dkt. No. 2). Thereafter, Mr. Jones filed two requests for order (Dkt. Nos. 5, 6), which the Court construes as motions for an *ex parte* temporary restraining order. On April 16, 2020, Mr. Jones filed an amended complaint against Captain Litzsey, alleging claims for excessive force, denial of access to the courts, and loss of property (Dkt. No. 8). Mr. Jones sues Capitan Litzsey in both his individual and official capacity (*Id.*, at 3).

In his Partial Recommended Disposition, Judge Ray recommends that Mr. Jones be allowed to proceed with his excessive-force claim against Captain Litzsey in his individual capacity but that Mr. Jones' access-to-the-courts and loss-of-property claims be dismissed without prejudice and that Mr. Jones' motions for an *ex parte* temporary restraining order be denied (Dkt. No. 9, at 8–9). Mr. Jones filed a timely objection to Judge Ray's Partial Recommended Disposition on April 30, 2020 (Dkt. No. 10). Mr. Jones objects to Judge Ray's recommendation that his access-to-the-courts claim be dismissed and that his motions for an *ex parte* temporary restraining order

be denied. After careful review of the Partial Recommended Disposition and Mr. Jones' objection thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Ray's conclusions.

The Court writes separately to address briefly Mr. Jones' objection. Mr. Jones objects to Judge Ray's recommendation that his motions for an *ex pate* temporary restraining order be denied. Because Captain Litzsey has not yet been served, the Court treats Mr. Jones' requests for preliminary injunctive relief as *ex parte* applications for a temporary restraining order. Under Rule 65(b) of the Federal Rules of Civil Procedure, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1)(A). The Supreme Court has explained that "[e]x parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974) (citation omitted). Further, the Eighth Circuit has cautioned that, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Keeping these principles in mind, the Court finds that Mr. Jones' allegations, while troubling, do not establish that immediate and irreparable injury will result unless the Court issues

a temporary restraining order before allowing time for Captain Litzsey to be properly served. Therefore, Mr. Jones' motions for an *ex parte* temporary restraining order are denied.

Mr. Jones also objects to Judge Ray's recommendation that his access-to-the-courts claim be dismissed. The Eighth Circuit has explained that:

> To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.

*White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To prove actual injury, Mr. Jones must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 353 (1996) (footnotes omitted).

On November 7, 2019, Mr. Jones filed a *pro se* civil rights complaint against medical staff and a correctional officer at the Maximum Security Unit. *See Jones v. Davis*, 5:19-CV-00349-DPM-PSH (E.D. Ark. Apr. 10, 2020). That case is still pending. In his objection to Judge Ray's Partial Recommended Disposition, Mr. Jones alleges that prison officials at the Maximum Security Unit confiscated legal documents related to *Davis*, including defendants' answers to his complaint (Dkt. No. 10, at 1). The Court notes that Mr. Jones raised these concerns directly to the *Davis* court. *See Davis*, 5:19-CV-00349-DPM-PSH, Dkt. No. 17.

Mr. Jones has not alleged that he was actually prevented from filing a complaint, or that a filed complaint was dismissed for lack of legal adequacy. Further, a careful review of the docket sheet for *Davis* does not suggest any impairment in Mr. Jones' ability to actively litigate that case. Accordingly, the Court dismisses Mr. Jones' access-to-the-courts claim without prejudice.

In sum, the Court adopts the Partial Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 9). The Court allows Mr. Jones to proceed with

his excessive-force claim against Captain Litzsey in his individual capacity.  The Court directs the Clerk of Court to prepare a summons for Captain Litzsey, and the United States Marshals Service is directed to serve Captain Litzsey with the summons and a copy of the amended complaint (Dkt. No. 8).  The Court grants Mr. Jones a 90-day extension from the entry of this Order to serve Captain Litzsey with the summons and complaint.  The Court dismisses without prejudice Mr. Jones' access-to-the-courts and loss-of-property claims against Captain Litzsey, as well as Mr. Jones' claims against Captain Litzsey in his official capacity.  Finally, the Court denies without prejudice Mr. Jones' motions for an *ex parte* temporary restraining order (Dkt. Nos. 5, 6).

It is so ordered this 25th day of January, 2021.

_____
Kristine G. Baker
United States District Judge